IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CROSSFIT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TITO NUNEZ, individually,<br>and d/b/a PREME FITNESS,<br><br>    Defendants. | CASE NO. 24-_____ |

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff CrossFit, LLC ("CrossFit") for its Complaint against Defendants Tito Nunez, individually ("Mr. Nunez"), and d/b/a Preme Fitness ("Preme Fitness") (together with Mr. Nunez, "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for willful violations of CrossFit's intellectual property rights, including trademark infringement, false designation of origin, trademark dilution, and unfair competition, arising out of Defendants' intentional and unauthorized use of the federally registered CrossFit® trademark. Despite numerous written communications from CrossFit demanding that Defendants cease their infringement of the CrossFit® mark, Defendants continue to use the CrossFit® mark without authorization. Defendants' conduct has caused irreparable harm to CrossFit

1

and will continue to cause irreparable harm unless Defendants' unlawful use of the CrossFit® mark is immediately and permanently enjoined.

## PARTIES

2.  Plaintiff CrossFit, LLC is a Delaware limited liability company with a principal place of business in Boulder, Colorado.

3.  Upon information and belief, Defendant Tito Nunez is the owner of and is doing business as "Preme Fitness," with a principal place of business located at 778 West Maple Road, Suite B, Troy, Michigan.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (jurisdiction over Lanham Act claims), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338 (claims related to trademarks and unfair competition). This Court also has jurisdiction over the state and common law claims alleged herein pursuant to 28 U.S.C. §1367(a) (supplemental jurisdiction). CrossFit's state and common law claims are so related to the federal claims that they form part of the same case or controversy.

5.  This Court has personal jurisdiction over Defendants because, upon information and belief, they reside and conduct business in the State of Michigan.

6.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because, upon information and belief, Defendants' principal place of business is located in

this judicial district. In addition, a substantial part of the events or omissions giving rise to CrossFit's claims occurred and continue to occur in this judicial district.

## FACTUAL ALLEGATIONS

**A.      CrossFit**

5.      Developed in the early 1980s, CrossFit is a famous fitness training and lifestyle brand that is applied to goods and services intended to help individuals improve their physical well-being and cardiovascular fitness in an encouraging environment. The training style that CrossFit incorporates into CrossFit®-branded fitness training, "constantly varied functional movements preformed at relatively high intensity," is known as "high-intensity interval training" ("HIIT") and "functional fitness." These functional movements translate into everyday activities for all ages and abilities, such as picking keys off the floor, standing up, or placing household items on a shelf. In addition to its community-focused fitness training services, CrossFit sells products and offers numerous additional services under the CrossFit® brand. It also owns and operates the "CrossFit Games®," the world's largest participatory fitness competition. Over 340,000 athletes participated in the first stage of the 2024 CrossFit Games competition.

6.      Over the last three decades, CrossFit has worked diligently and invested substantial resources in promoting CrossFit®-branded goods and services, including, especially, the credentialing of trainers. CrossFit's hard work has paid off.

CrossFit estimates that millions of people around the world engage in CrossFit®-branded training, in most cases in a CrossFit®-branded facility. These CrossFit athletes train at over 12,000 CrossFit-licensed gyms located in more than 150 countries. The CrossFit Games®, which are broadcast on ESPN and live-streamed on other social media channels, draw tens of millions of viewers. CrossFit's websites average nearly 80 million hits each year.

**B.     CrossFit's Intellectual Property**

7.     CrossFit's careful cultivation, maintenance, and protection of its intellectual property rights has enabled CrossFit to amass considerable goodwill. Consumers readily and singularly associate the CrossFit name with CrossFit's fitness training services offered by credentialed trainers through licensed facilities. The "CrossFit" name is widely recognized throughout the United States and around the world as an indicator of well-trained instructors, properly insured facilities, and access to a community of athletes competing both on a daily basis and annually through the CrossFit Games®.

8.     CrossFit diligently protects its intellectual property through, *inter alia*, trademark registration. CrossFit owns numerous trademark and service mark registrations for the word mark "CrossFit," including registrations for fitness training, charitable fundraising, scientific research relating to exercise and human performance, entertainment services (e.g., videos and podcasts), apparel, and

4

footwear. CrossFit's exclusive ownership of the CrossFit® mark for gyms and fitness classes is memorialized in U.S. Registration No. 3,007,458. A true and correct copy of U.S. Registration No. 3,007,458 (Oct. 18, 2005) is attached hereto as **Exhibit A**.

9.      Because CrossFit has continuously used the CrossFit® mark for gyms and fitness classes in commerce for more than five consecutive years after the date of its registration, the CrossFit® mark is "incontestable" as defined in 15 U.S.C. §1065.

**C.     Use of the CrossFit® Mark by CrossFit-Licensed Gyms**

10.     CrossFit offers a nationally standardized certificate program to personal trainers who desire to teach CrossFit® classes or own and operate a CrossFit-licensed gym (commonly referred to as "boxes" or "affiliates"). Individuals who successfully complete CrossFit's certificate program and meet other requirements for affiliation are eligible to enter into annually renewable affiliate license agreements, which permit limited use of the CrossFit® mark subject to various conditions, including payment of an annual fee. Only individuals who have completed CrossFit's certificate process and have entered into valid affiliate license agreements are permitted to use the CrossFit® mark in connection with fitness training.

**D.     Defendants**

11.     Upon information and belief, Mr. Nunez is the owner of Preme Fitness, a fitness and strength training gym located in Troy, Michigan. According to the Preme Fitness website, Preme Fitness offers "workouts to fit your everyday fitness goals."

12.     Upon information and belief, the fitness services offered by Defendants are similar to the fitness services offered under the CrossFit® mark by licensed CrossFit affiliates, including licensed CrossFit affiliates in and around Troy, Michigan.

13.     Upon information and belief, Defendants target the same consumers as those targeted by CrossFit's licensed affiliates.

**E.     Defendants' Willful Infringement**

14.     Neither Mr. Nunez nor Preme Fitness are authorized to use the CrossFit® mark. Mr. Nunez is not, and never has been, a credentialed CrossFit coach. Preme Fitness is not, and never has never been, a licensed CrossFit affiliate gym. CrossFit does not endorse or approve of the services offered by Defendants.

15.     Nevertheless, Defendants are intentionally and without permission using the CrossFit® mark to offer and promote their fitness services. Among other things:

6

- The Preme Fitness logo, which appears in the banner on every page of the Preme Fitness website, features the CrossFit® mark:



- Defendants prominently display CrossFit-branded signage on the interior and exterior of the Preme Fitness facility:

**Exterior Signage**　　　　　　　　**Interior Signage**




- The Preme Fitness website solicits customers by asking whether they are "new" to CrossFit:

7



- The website also describes Preme Fitness as a CrossFit-affiliated gym:



The CrossFit Open

Join Preme Fitness in the CrossFit Open 2024, a series of workouts worldwide among each CrossFit Box.

- The Preme Fitness calendar on Defendants' website describes "CrossFit" workout classes:



- Preme Fitness' webpage summary on Google describes the "ultimate Crossfit [sic] experience" at "PremeTeam SS Crossfit":



16.    Defendants' unauthorized use of the CrossFit® mark for fitness services deceptively misleads consumers into believing that Preme Fitness is an official licensee and affiliate of CrossFit. In addition, Defendants' use of the CrossFit® mark creates the false impression that CrossFit endorses or otherwise approves of the services provided by Mr. Nunez and Preme Fitness. Defendants are engaging in their ongoing, unlawful conduct to profit by trading off CrossFit's substantial reputation and goodwill.

17.    Moreover, at all relevant times, Defendants have been fully aware of CrossFit's prior use, ownership, and registration of the CrossFit® mark. On April 19, 2024, after CrossFit learned about Defendants' conduct, CrossFit contacted Defendants and demanded that they stop their infringing use of the CrossFit® mark. Defendants refused. In April and May 2024, CrossFit contacted Defendants on multiple occasions and again insisted that Defendants cease their unlawful use of the

9

CrossFit® mark—to no avail. Finally, on June 4, 2024, outside counsel for CrossFit sent Defendants a letter demanding that they immediately cease all use of the CrossFit® mark or CrossFit would take formal legal action. Defendants ignored the letter. To this day, Defendants brazenly continue to use the CrossFit® mark without authorization.

18. Defendants' unlawful use of the CrossFit® mark for fitness services has and is likely to continue to cause confusion as to the source, sponsorship, or affiliation of those services. If not enjoined, Defendants' unlawful conduct will continue to harm the goodwill and reputation that CrossFit has carefully cultivated at great labor and expense.

## CAUSES OF ACTION

### COUNT ONE
### (Trademark Infringement—15 U.S.C. §§1114 and 1125)

19. CrossFit repeats and realleges the allegations set forth above.

20. CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

21. Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

22. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association

regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

23. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

24. Defendants' use of the CrossFit® mark constitutes infringement of CrossFit's incontestable federal trademark registration.

25. Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

26. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

27. Defendants' blatant attempt to confuse the consuming public is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

28. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. §1117.

## COUNT TWO
**(False Designation of Origin and Unfair Competition—15 U.S.C. §1125)**

29. CrossFit repeats and realleges the allegations set forth above.

30. CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

31. Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

32. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

33. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

34. Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

35. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

36. Defendants' blatant attempt to confuse the consuming public and to unfairly compete with licensed CrossFit affiliates is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

37. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. §1117.

## COUNT THREE
### (Trademark Dilution—15 U.S.C. §1125(c))

38. CrossFit repeats and realleges the allegations set forth above.

39. For decades, CrossFit has made substantial investments in the marketing, promotion, and advertising of its fitness program and lifestyle brand. As a result, today, the CrossFit® mark is instantly recognizable and distinctive in the fitness industry. The CrossFit® mark is a "famous" mark.

40. Defendants' unauthorized use of the famous CrossFit® mark dilutes the distinctive quality of the CrossFit® mark and the capacity of the CrossFit® mark to identify and distinguish CrossFit's services.

41. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

42. Defendants' blatant attempt to confuse the consuming public is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

43. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. §1117.

## COUNT FOUR
### (Unfair Competition— Mich. Comp. Law §429.42)

44. CrossFit repeats and realleges the allegations set forth above.

45. CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

46. Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

47. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

48. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

49. Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

50. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

51. Defendants' blatant attempt to confuse the consuming public and to unfairly compete with licensed CrossFit affiliates is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts

will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

## COUNT FIVE
**(Trademark Infringement and Unfair Competition—Common Law of Michigan)**

52. CrossFit repeats and realleges the allegations set forth above.

53. CrossFit is the exclusive owner of the CrossFit® mark for gyms and fitness classes.

54. Defendants are using the CrossFit® mark in commerce in connection with the sale, offer for sale, and advertising of their fitness services without authorization from CrossFit.

55. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association regarding Defendants and their services, on the one hand, and CrossFit and its services, on the other hand.

56. Defendants' unlawful use of the CrossFit® mark is likely to cause confusion, mistake, or deception regarding the origin of Defendants' services, on the one hand, and CrossFit's sponsorship or approval, on the other hand.

57. Defendants' use of the CrossFit® mark constitutes infringement of CrossFit's rights in the CrossFit® mark.

58. Defendants have acted knowingly and willfully in total disregard for CrossFit's valuable trademark rights, and with the intent to deceive consumers by trading off CrossFit's goodwill and reputation.

59. As a result of Defendants' ongoing unlawful conduct, CrossFit has suffered monetary damages in an amount to be determined at trial. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

60. Defendants' blatant attempt to confuse the consuming public and to unfairly compete with licensed CrossFit affiliates is causing irreparable injury to CrossFit, for which there is no adequate remedy at law. Defendants' unlawful acts will continue to cause irreparable harm unless Defendants' use of the CrossFit® mark is immediately and permanently enjoined by this Court.

## **PRAYER FOR RELIEF**

61. WHEREFORE, CrossFit requests the following relief:

   a. Entry of judgment in CrossFit's favor on all claims herein;

   b. Preliminary and permanent injunctions preventing Defendants and those additional parties specified in Rule 65(d) of the Federal Rules of Civil Procedure from using the CrossFit® mark or any similar mark in connection with the sale, offering for sale, or marketing of fitness training services;

   c. Preliminary and permanent injunctions preventing Defendants and those additional parties specified in Rule 65(d) of the Federal Rules of Civil Procedure from

17

      unfairly competing with CrossFit or licensed CrossFit affiliates through their use of the CrossFit® mark or any similar mark;

d.      An accounting of profits and damages resulting from Defendants' trademark infringement, false designation of origin, and unfair competition;

e.      An award to CrossFit of: (i) an amount equal to the actual damages suffered by CrossFit as a result of Defendants' infringement of the CrossFit® mark; (ii) an amount equal to the profits earned by Defendants as a result of their infringement of the CrossFit® mark; and/or (iii) an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement;

f.      In the alternative, as may be elected by CrossFit, permission to recover statutory damages rather than actual damages and profits as provided in 15 U.S.C. §1117;

g.      An award of pre- and post-judgment interest;

h.      An award ordering Defendants to pay CrossFit's attorney's fees because this is an "exceptional" case under 15 U.S.C. §1117; and

i.      Such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

CrossFit hereby demands a jury trial on all issues triable as of right to a jury.

Respectfully Submitted,

**BUSH SEYFERTH PLLC**

By: /s/ *Moheeb H. Murray*
Moheeb H. Murray (P63893)
Mahde Y. Abdallah (P80121)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
murray@bsplaw.com
abdallah@bsplaw.com

Zachary C. Kleinsasser
John F. Farraher, Jr.
**GREENBERG TRAURIG, LLP**
One International Place
Boston, MA 02110
(617) 310-6029
kleinsasserz@gtlaw.com
farraherj@gtlaw.com

Dated: July 1, 2024          *Attorneys for CrossFit, LLC*

19

## VERIFICATION

I, Marshall Brenner, hereby verify under oath that: (1) I am the duly appointed General Counsel of CrossFit, LLC; (2) I have read the Verified Complaint and have been duly authorized by CrossFit, LLC to sign this Verified Complaint on its behalf; (3) the allegations of fact stated in the Verified Complaint are based upon my personal knowledge and CrossFit, LLC's books and records maintained in the normal course and operation of its business, which are known to me to be true, except as to those allegations of fact based upon information and belief, which I believe to be true.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25TH DAY OF JUNE 2024.**

/s/ *[signature]*
Marshall Brenner
General Counsel, CrossFit, LLC
Duly Authorized